EMILIO RUIZ, demandante y apelante v. FERMÍN GARAYALDE y JOSÉ GARAYALDE, demandados y apelados.

No. 4050.—*Visto:* Enero 21, 1927. *Resuelto:* Febrero 11, 1927.

1. CONTRATOS—CUMPLIMIENTO O QUEBRANTAMIENTO—CUMPLIMIENTO DE OBLIGACIONES DE LAS PARTES BAJO EL MISMO—INCUMPLIMIENTO POR UNA PARTE DE SUS OBLIGACIONES Y EFECTO.—Cuando en acción en cobro de una comisión que se alega adeudada con motivo de la venta de ciertas fincas aparece que la venta se efectuó según determinó la corte inferior por la intervención y servicios y actividades de personas distintas al demandante, éste no puede obtener sentencia a su favor.

2. TESTIGOS—CREDIBILIDAD, IMPUGNACIÓN, CONTRADICCIÓN Y CORROBORACIÓN—EN GENERAL—CREDIBILIDAD DE LOS TESTIGOS EN GENERAL.—En el caso de decla-

ración jurada contra declaración jurada, las cortes generalmente dejan al demandante en *statu quo;* aquéllas no están obligadas en todo caso a creer al demandante, sino que dada el resto de la prueba oral y los indicios del caso puede sentirse obligada a creer al demandado.

3 Apelación y Error—Señalamiento de Errores—Errores Impropiamente Señalados—Efecto.—El Supremo no discutirá errores que, además de no haber sido propiamente señalados, no son fundamentales.

Sentencia de *Miguel A. Muñoz,* J. (San Juan), declarando sin lugar la demanda, sin costas.   *Confirmada.*

*Manuel Benítez Flores,* abogado del apelante; *Jacinto Texidor,* abogado de los apelados.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

[1] Este es un pleito en cobro de una comisión de $2,000 que el demandante Emilio Ruiz alegó serle adeudada por Fermín Garayalde y José Garayalde con motivo de la venta de ciertas fincas rústicas. En la demanda se alegó que Emilio Ruiz, juntamente con Sebastián Bauzá y Sebastián Bauzá, Jr., y los hermanos del demandante, era condueño de las fincas descritas en dicha demanda, y que el demandado Fermín Garayalde, por sí y como apoderado de su hermano José Garayalde, propuso al demandante, como uno de los condueños de las fincas expresadas, que si le informaba y tenía al corriente de cualquier oferta que se hiciera por otros compradores, los demandados estarían dispuestos a pagar lo mismo que pagara cualquiera otra persona por las fincas. En efecto, la teoría de la demanda era que si Emilio Ruiz tenía al corriente a Fermín Garayalde de todas las ofertas hechas por las fincas en cuestión y ayudaba a dicho Garayalde a convencer a los demás condueños de que debían vender, entonces dicho Garayalde pagaría a Ruiz la suma de $2,000 si ellos, los aquí demandados, conseguían adquirir las fincas.

Después de revisar la prueba presentada en el caso, la Corte de Distrito de San Juan dijo:

"De la prueba aparece que el Sr .Garayalde ofreció al demandante Ruiz cierta cantidad de dinero con tal que éste hiciera gestio-

nes para que se le vendieran las fincas y lo tuviera al tanto de las proposiciones que se hicieran, así como también que ejerciera su influencia en cuanto a la venta. Pero entiendo que no se ha probado el hecho alegado en la demanda de que fué sólo por la intervención del demandante que los demás condueños dieron la preferencia al demandado; y por el contrario aparece de la declaración del Sr. Richardson que los condueños habían retirado su representación del Sr. Ruiz en cuanto a estas gestiones, y que éste no ejerció influencia alguna con los otros condueños en la venta de la finca. Tampoco se ha probado cuál sería el valor razonable de las gestiones llevadas a cabo por el Sr. Ruiz, es decir, hasta dónde éstas llegaron; y, teniendo en cuenta que cuando se exige el cumplimiento de una obligación o contrato, la parte que exige el cumplimiento tiene que empezar por probar la existencia del contrato, y el cumplimiento de ella por su parte, de lo que le correspondía hacer; y no habiéndose probado esto, entiendo que procede declarar sin lugar la demanda, sin especial condenación de costas.''

El apelante se queja de que la corte no estaba facultada para decir que era una condición del contrato que la venta habría de efectuarse por virtud exclusivamente de las gestiones de Emilio Ruiz, y alega que aunque el párrafo quinto de la demanda expresaba en efecto que la venta de las fincas se llevó a cabo debido sólo a las gestiones de Emilio Ruiz, dicho párrafo debe considerarse como una manifestación secundaria y no como una descripción del verdadero contrato entre las partes.

Hasta cierto punto convenimos con el apelante en que el contrato principal no fué expuesto en dicho párrafo quinto, pero, sin embargo, creemos que lo que la corte de distrito tuvo en mente fué que si la venta fué hecha por y con la ayuda e intervención de otros—como en efecto sucedió en este caso—entonces el demandante no podía obtener sentencia porque había dejado de probar exactamente cuál había sido su intervención personal y cuánto valía ésta. Y en esto creemos que la corte tuvo razón.

La teoría de la defensa fué que los demandados no convinieron en remunerar al demandante en la forma descrita

en la demanda, sino que el contrato era mucho más limitado, a saber: que si Emilio Ruiz, en cierto modo en la forma descrita en la demanda, ayudaba a los demandados a adquirir la propiedad de las fincas dentro de las tres primeras semanas de agosto de 1924, o poco más o menos, ellos le pagarían la suma de $1,000; y que en un tiempo Emilio Ruiz de hecho representaba a sus parientes y demás condueños, pero que cuando la venta se llevó a efecto él había cesado en su representación y que la venta finalmente se efectuó mediante la intervención y servicios y actividades de otras personas. Estas cosas, según lo entendemos, eran las que estaban en la mente de la corte al expresar en su opinión lo siguiente: "Y, teniendo en cuenta que cuando se exige el cumplimiento de una obligación o contrato, la parte que exige el cumplimiento tiene que empezar por probar la existencia del contrato y el cumplimiento de ella por su parte. . . . ." Incumbía al demandante probar que la venta en realidad se debió a sus actividades y convenimos con la corte inferior en que no lo demostró. Considerando la prueba del demandante en su sentido más favorable, demostraría que durante un tiempo él tuvo a Fermín Garayalde al corriente de las ofertas hechas por otras personas, pero la prueba fuertemente tiende a demostrar que él no hizo tal cosa en la época de la venta.

[2] El apelante hace mucho hincapié en el hecho de que la única persona que lo contradice es el demandado Fermín Garayalde. El apelante insiste en que las manifestaciones de dicho demandado, que es parte interesada, eran a veces inconsistentes; pero no encontramos que tales inconsistencias tuvieran suficiente fuerza para destruir la facultad de la corte de creer en la veracidad de su declaración.

El único testigo del demandante que contradice a Fermín Garayalde en cuanto al cumplimiento del contrato es el demandante Emilio Ruiz. Los otros testigos del demandante meramente declaran sobre la naturaleza del contrato. De

modo que, aún aceptando hasta cierto punto el caso del demandante, sería una cuestión de declaración jurada contra declaración jurada. Generalmente en tales casos la corte deja a un demandante en *statu quo,* pues el peso de la prueba recae sobre él; pero en todo caso, la corte no está obligada a creer al demandante, sino que, especialmente, dado el resto de la prueba oral y los indicios del caso, puede sentirse obligada a creer al demandado.

La opinión de la corte contiene un resumen muy cuidadoso de la prueba testifical, entrando entonces a resolver el caso en el párrafo primeramente transcrito en esta opinión. Este extracto es obra del juez de una corte extremadamente ocupada, y no puede ser examinado muy minuciosamente.

Creemos que aparece claro de la opinión en su totalidad que la corte tomó en consideración toda la prueba y llegó a la conclusión de que el demandante había dejado de demostrar el cumplimiento del contrato, y estamos de acuerdo con esa conclusión.

[3] Al final de su alegato, el apelante señala otros errores. Como éstos no fueron propiamente señalados y no fueron fundamentales, no los discutiremos.

*Debe confirmarse la sentencia apelada.*